November 2, 2005

Ms. Sheila Gonzalez Dixon
402 Equality Court
Toms River, New Jersey 08755

Anthony J. LaBruna, Jr., Esquire
United States Attorney's Office
970 Broad Street - Suite 700
Newark, New Jersey 07102

          Re: Sheila Gonzalez Dixon
             Case No. 00-61768

             Sheila Gonzalez Dixon vs.
             United States of America, State of New Jersey,
             State of New Jersey Department of Education,
             Direct Loan Services Center
             Adversary No. 04-2762

             Hearing Date: November 1, 2005

Dear Ms. Dixon and Mr. LaBruna:

  Sheila Gonzales Dixon filed a petition for relief under Chapter 7 of the US Bankruptcy Code on November 21, 2000. She listed a debt owed to the Direct Loan Service Center/Department of Education in her schedules believing that her student loan could be discharged. When the DLC continued collection efforts despite the issuance of a discharge, she filed the within complaint

seeking to have her student loans declared dischargeable on the basis of 523(a)(8)(b), undue hardship. The DLC opposes such a determination

The facts are largely undisputed. Ms. Dixon executed a promissory note to secure student loans on March 16, 1998. She drew down only a portion of that loan to make an initial installment tuition payment. Unfortunately, Ms. Dixon experienced an unanticipated health problem that forced her to drop out of school. While her health issue has been brought under control with treatment since that time, her family has expanded and she has been unable to work more than part time.

Ms. Dixon currently resides with her family in subsidized housing. Her gross household income of $40,000 places her below the state's poverty guidelines. Due to childcare issues and expenses, she is only able to work part time. She has post petition and ongoing medical expenses that render repayment of anything beyond basic housing and shelter for her family very difficult. Her children are approximately 9, 4 and 3 years old.

Ms. Dixon's health was in an acute state when she was forced to drop out of school, but she is not disabled from work by her health either now or permanently. Her ability to earn more is constrained by the need to care for her young children and by her lack of formal training. Ms. Dixon has sought to better her earning capacity, but has been unable to obtain student loan financing to resume her education because of the default under the loan at issue in this case.

The original principle amount of the loan was $2326.00. Adjusting for a $72.00 refund and interest accruing through November 1, 2004, the DLC claims that she currently owes $3,037.37. While Ms. Dixon has contacted the DLC several times to work out a reduced payment schedule, and has in fact agreed to

2

several reduced payment schedules, she has not made any payments on account of the loan.

Typically, student loans are not dischargeable in bankruptcy, but there is a provision "excepting such debt from discharge ... [if it] will impose an undue hardship on the debtor and the debtor's dependents ...." 11 U.S.C. § 523(a)(8). The Bankruptcy Code does not define the term "undue hardship." The Third Circuit in Pennsylvania Higher Educ. Assistance Agency v. Faish (In re Faish), 72 F.3d 298 (3d Cir. 1995), however, adopted the definition of "undue hardship" first promulgated in Brunner v. New York State Higher Educ. Services Corp. (In re Brunner), 831 F.2d 395 (2d Cir. 1987). In Brunner, the Second Circuit held that an individual satisfies the undue hardship requirement of § 523(a)(8) if:

> 1) The debtor cannot maintain, based on current income and expenses, a 'minimal' standard of living for herself and her dependents if forced to repay the loans;
>
> 2) Additional circumstances exist indicating that this state of affairs is likely to persist for a significant portion of the repayment period of the student loans; and
>
> 3) The debtor has made good faith efforts to repay the loans.

Brunner at 396. The debtor has the burden of establishing all three Brunner elements. Pennsylvania Higher Educ. Assistance Agency v. Faish (In re Faish), 72 F.3d 298, 306 (3d Cir. 1995).

The Third Circuit has not defined what a "minimal standard" of living is, but several courts have held that it does not mean Debtor has to live in poverty. *See*, Ammirati v. Nellie Mae, Inc. (In re Ammirati), 187 B.R. 902, 906 (D.S.C. 1995)(debtor should not be forced to sell his house to lower his expenses); Nary v. The Complete Source (In re Nary), 253 B.R. 752, 763 (Bankr. N.D. Tex. 2000); Hoyle v. Pennsylvania Higher Educ. Assistance Agency, 199 B.R. 518, 523 (Bankr. E.D. Pa. 1996).

The Third Circuit has also addressed the second Brunner prong, the requirement that additional circumstances exist indicating that this state of affairs is likely to persist for a significant portion of the repayment period of the student loans. In re Brightful, 267 F.3d 324, 328 (3d Cir. 2001). The Brightful court noted that this "is a demanding requirement". In re Brightful, 267 F.3d 324, 328 (3d Cir. 2001). It is not enough for a debtor to prove that he has no current capacity to pay his debt; it must be established that this incapacity will continue into the future, for reasons outside the debtor's control. Brightful at 328.

The third prong of the Brunner test requires the debtor to prove that he has made good faith efforts to repay the loans. The Third Circuit has stated that good faith analysis must consider: "(1) whether the debtor incurred substantial expenses beyond those required to pay for basic necessities and (2) whether the debtor made efforts to restructure his loan before filing his petition in bankruptcy." Pelliccia v. United States Dep't of Education, 67 Fed. Appx. 88, 91 (3d Cir. 2003). While at least one court has held that a debtor who failed to make a single payment had made a good faith effort to repay because of a grave and disabling medical condition, *see* In re Williams, 296 B.R. 128 (Bankr. D.N.J. 2003), most courts have looked to the extent of payments made when determining good faith. *See, eg* In re Rivera, 284 B.R. 88 (Bankr. D.N.J. 2002).

It seems reasonably clear that Ms. Dixon has met her burden of proof under the first prong of the Brunner test. She has established that she is making the best effort she can to support her family, but is able to do so only at a minimal level. The expense budget that she provided does not portray a family living lavishly or spending hard earned income for frivolous budget items.

4

Ms. Dixon also comes close to meeting her burden of establishing good faith. Although she had not made any payments on account of this debt, she has a medical reason for her limited ability to repay and she does not appear to have incurred substantial expenses beyond those required to pay for bare necessities. She made some efforts to restructure the student loan before filing this proceeding, even if those efforts were unsuccessful. If this were the only weakness in Ms. Dixon's presentation, the general rule of construing the discharge broadly in favor of the Debtor, *see* . In re Pelkowski, 990 F.2d 737 (3d Cir. 1993), would at least tempt the court to find that she had made a good faith attempt to repay the loan.

The problem is that Ms. Dixon's showing under the second Brunner prong falls far short of her burden. Ms. Dixon's health does not currently preclude her from working. She is not permanently disabled. She is precluded from working due to child care issues, which are by nature impermanent. Ms. Dixon may or may not be able to work more hours when her children are just a few years older. There is no reason to think that she will not be able to work more when they are just a big older still. The court simply cannot find that the conditions that render repayment so difficult in Ms. Dixon's current circumstances are likely to persist for a significant portion of the repayment period. When combined with the DLC's offer to suspend payments temporarily or to set up a very minimal payment schedule based on need, this leaves the court unable to find that Ms Dixon's student loans were discharged.

Congress has set the threshold for discharge of student loans. Many debtors who are hard

5

pressed at some given point to make their scheduled payments do not meet that threshold. Ms. Dixon appears to be one of those debtors.

    The attorney for DCL shall submit a form of judgment consistent with this opinion.

_____
KATHRYN C. FERGUSON, USBJ
US Bankruptcy Court